*Wood vs. Coghill; Prather vs. same; Hill vs. same; Rutton vs. same, and McKibbin vs. same.*

SCIRE FA-
CIAS.

Error to the General Court; HENRY PIRTLE, Judge.

Case 126.

*Ejectment. Precedents of writs. Scire facias. Amendments. Mandates.*

Judge MILLS delivered the Opinion of the Court.

October 25.

THESE are all writs of *scire facias* brought to revive judgments in ejectment, so far as the said judgments operate upon the possession of the land, and not the judgments for costs. All the writs are precisely alike, except the variation made by the names of the parties, and the different judgments.

Writs of *scire facias*, for executions on judgments in ejectment.

The court below gave judgments reviving the former judgments, by default, and directing executions. From each, the defendants have appealed, and assign for error that the *scire faciases* are defective, because *none of them recite or state the term yet to come* as laid in the declaration, for which the plaintiff below now claims execution. This defect must prove fatal to each writ.

*Scire facias* to revive a judgment so as to obtain the writ of *habere facias*, must shew the term recovered.

By examining the most approved forms which are evidence of law, it will be found that in a *scire facias* of this nature, the term is always recited and set out, and the most modern forms still retain the same requisite, as will be seen by consulting the appendix to the late treatise of Adams on ejectment. If such a recital was preserved in ancient forms, while the party who issued a *scire facias* must also file a declaration before he could have judgment that he may have execution, it certainly cannot be less a requisite now, when according to an act of assembly of this state no declaration is necessary, and the writ must not only supply the place of a writ, but also that of the declaration.

Precedents of writs evidence of the law.

But this is not a requisite of positive law only, resting on authority without reason to support it. It is a well settled principle that a judgment in ejectment, so far as the possession of the land is concerned, can have no operation or effect longer than till

There can be no *habere facias* after the expiration of the term; nor judgment for

WOOD &c.
vs.
COGHILL.

————

such an exe-
cution.

the expiration of the demise; and when the demise expires, no further execution, as to the possession of the land, can ever be had. It is therefore right that he who attempts to revive a dormant judgment in ejectment should shew that there was something to be revived; and that there was part of his term yet remaining for which he asks execution, in order that the court may see that he has really an existing right to enforce by the remedy of *scire facias;* and it would be hazardous to render a judgment reviving when there might, for ought that appears, be nothing to revive.

Mandate to quash the writs, not to amend.

The judgments by severeral entries must be reversed with costs, and the cause be remanded with directions to quash each *scire facias,* with costs.

*Crittenden* for appellants; *Triplett* for appellees.